Next case, Kansas Transportation, Kansas Industrial Commission, 5100144. Counsel, please. Thank you, Your Honor. My name is David Green, representing Kansas Transport Company. May it please the Court, and counsel. Mr. Green, before we get into the facts of this case, let's talk about jurisdiction. Yes, sir. And can you distinguish, can you distinguish International Paper Company, and if so, how? Your Honor, International Paper Company, in that case, that was a case where the Commission said that the petitioner's condition hadn't reached a state of permanency. In that case, the Court specifically noted that one of the treating doctors was still treating the petitioner for lateral epicondylitis, and noted that there had been no vocational rehabilitation addressed by the parties in the underlying action. There had been no evidence presented by trained rehabilitation personnel in support of the claimants' proposed rehabilitation program. That's what the Court states. You're going to have to keep your voice up much louder than you did the last oral argument. I'm sorry. But you might as well speak much louder. Thank you, Your Honor. Sorry. The Court said that there had been no trained personnel that discussed vocational rehabilitation in the underlying case. The Court also said that if you have judicial review under the facts of International Paper, when the Commission has a general order of just vocational rehabilitation without there being some indications of what that might be, then the Court was afraid you'd have piecemeal litigation and that the litigants would be forever coming in before the Court. But the problem we have here in this case is that the Commission's decision has put us in exactly that position. At some point, Your Honors, the general rule that you can't have reviewable, a general order for vocational rehabilitation, at some point, though, the Commission can't have unfettered discretion to come to that conclusion. What the Commission did in this case, and why this case is different from International Paper and the other cases cited in the Court's order of April 1st, is that the Commission said the parties are ordered pursuant to Section 7110 of the regulations to develop a plan to take the petitioner off of methadone as part of a pain management treatment under medical benefits, which 7110 includes. The Commission then goes on to suggest that once that's done, then you can look at whether or not rehabilitation will be appropriate. You seem to be hinging this all on this vocational rehabilitation. In International Paper, it isn't that complicated. The arbitrator gave the claim of TTD and PPD, and the Commission finds that the claimant hadn't reached permanency, reverses the PPD award, extends the TTD, and remands it, suggesting that he's entitled to medical expenses, vocational rehabilitation, and for further proceedings. And the Supreme Court said that's not final. Yes, Your Honor. And you suggested they said it wasn't final only because of the vocational rehabilitation? That's not what they said. I'm sorry, Your Honor. I was referring to the view with growing concern section that Justice Murrow referenced in the last few paragraphs of the decision. But the reason why this case is different from International Paper, Your Honor, is the medical treatment that the Commission said is appropriate was medical treatment that the petitioner had not yet rejected, or which apparently the way the evidence was presented in International Paper was medical treatment which was still appropriate but yet untried. In this case, the Commission specifically said, go back and provide a plan under 7110 to take the employee off of methadone. And the problem with that is every doctor in this case, you've got Dr. Robeson, the treating surgeon, has said the employee is an MMI. He said that back in 2006, with the exception of the administration of bethadone, which I'm going to administer. I might wean him off of it somewhat, but he's continuing on methadone. What's the best case that stands for the proposition that other than in a 19B circumstance, that when the Commission remands it back to the arbitrator for further proceedings, that the order is a final one subject to appeal? The best case that other than a 19B circumstance? Yeah, I don't want a 19B because this wasn't a 19B. That's correct. And some of the cases, most of the cases deal with 19B. They all deal with 19B. A.O. Smith, all of them. I found no case on these facts, to be honest with you, Your Honor. By analogy, though, I think we need to look at guidance on cases that have ruled that you can't force medical treatment on an employee. Yeah, but here's the flaw in what you're saying. And I understand you're very passionate about this, and it seems there's a sense of fairness that you believe is being offended here. But the law is very clear and very well settled. Jurisdiction cannot be conferred on the court. It either exists or it doesn't. What he's saying is you've got a Commission decision that contemplates and requires further administrative proceedings. It's not a mere medical calculation, correct? That's correct. And your father is saying, well, how does the Commission have unfettered discretion? How do we ever reach these issues if the Commission can deprive this court of jurisdiction? And the answer is, unfortunately, it's an either-or proposition. Whether they were wrong, whether they were unfair in remanding it for further administrative proceedings isn't really the issue. We've either got it or we don't. Think about that. Well, the circuit court has it or they don't. And you're not really stripped of the ability to appeal this order. Once it comes back from the Commission, ultimately with a final order, and goes back on administrative review, which I'm sure you're going to file, then you get to appeal even this order. But, Your Honor, I believe that that type of piecemeal litigation is what Justice Thomas was of concern in the national paper. In other words, by following the Commission's direction, we find ourselves in that situation. And the reason why I think that you can't have just a blind general rule that a general order granting vocational rehabilitation benefits can't be appealable and apply it to this case is, if you look at the Commission decision, which was affirmed by the trial court, the linchpin of the Commission decision was that the employee must undergo a pain management program to wean him off of methadone. Now, they're forcing a choice of drugs, medical treatment on the employee. And there's the line of cases which this Court has affirmed and the Illinois Supreme Court has affirmed that you can't force medical treatment on an employee. How does that trump jurisdiction? Because at some point the Commission here is ordering the parties to provide benefits which the Commission can't force on the parties. The Commission here is awarding benefits which under Illinois case law can't be awarded. Let's assume for a minute, Your Honor, that the Commission says, we think that Dr. Robeson should operate again. We think, or Dr. Renzel's opinion, the Section 12 examiner, is correct. And if the employer goes one more back surgery, he's going to be able to work in the heavy-duty demand level or maybe be fully employable. And therefore, we're going to remand this case back to the arbitrator for the parties to come up with a plan under 7110 to prepare a medical plan which includes surgery. That's something which can't be ordered by the Commission. Illinois case law has said you can't force surgery on somebody. But doesn't he have the right to refuse it? And he did in the underlying action. In other words, we're just re-litigating the whole matter. In the underlying action, as the dissent points out, it was offered. And there was no, in January of 2007, and there was no response to the offer. Instead, the case was set for trial on all issues by the employee. Clearly a rejection of the plan. In addition, if you look at the medical records with Dr. Robeson, who continues to administer the methadone, it's continuing to be administered. There's no steps there to take him off the methadone. If the employee wishes to have this drug administered to him, I can't stop that. If I do what the Commission says, if Mr. Nelson on behalf of Mr. Leroux does what the Commission says, and we go back in front of the arbitrator and we can develop a 7110 plan, and if that plan says the employee should be, instead of methadone, he should be on oxycodone or whatever the substitute might be, I still can't, he can't force Mr. Leroux to do that. I can't force Mr. Leroux to do that. So what you seem to be saying, though, what you're saying, though, is exceptions should be carved out to the limitation on jurisdiction. If the Commission remains the matter for what you're saying is objectively something that you think is ridiculous, then there should be an exception to the jurisdictional requirement. Isn't that in so many words what you are saying? Yes, Your Honor. It has to be your position. It is my position, Your Honor. That's what I'm saying. Well, how do we start carving out exceptions to jurisdiction? If you look at the benefits, you have to look at the general rule about, in the cases where this arose, the general rule you can't review vocational rehabilitation orders because they're too generally reviewed. You can't blindly apply that to every case. The rule which this Court could exhibit would be where there's been evidence. What's the rule that we are to announce? If we accede to your argument, what is the new rule you're suggesting we come up with? That in orders by the Commission which order benefits which cannot be forced on the employee, or which the law has already held cannot be mandated on an employee, that those are reviewable decisions as to whether or not that is appropriate. Whether or not the record has evidence of the employee wanting those benefits. Because in this case, basically what the Commission is saying is, force the employee to undergo pain management and take a different drug. And all I'm saying is... It doesn't really say force. It says in the findings that he's entitled to prospective care. They're offering it to him. And I mean, of course, the case would come back up after it goes down to the arbitrator. Maybe he would refuse it, and the Commission would do something from there. But I mean, I don't read the Commission's order as saying you must go do this. Plus, I mean, from the employer's point of view, I mean, they've got permanent total, and they're saying... What I read the Commission is saying is we need to send this back, get him off methadone, and he'll go back to work. Which I would think might be a good thing for the employer. Your Honor, I must say we were happy they didn't affirm the permanent total. But to get to the point, in this case, the reason why that's troubling is what we're looking for is an opportunity to see whether or not the dissent in the Commission decision is valid. And that is what the Commission, as the two Commissioners have ordered, has already been offered and tried. In other words, this recommendation to go back under 7110 and prepare a medical plan regarding pain management, that has already been offered. And there's already evidence as of the time of trial the employee didn't want that. But you see what you're saying? You're saying that jurisdiction, in so many words, should be dependent on the legitimacy or the propriety of the Commission's order. So who decides? So we're going to decide jurisdiction on a case-by-case basis? I mean, that's the implication of what you're saying. Orders under 7110 for medical treatment, whether or not the medical treatment is appropriate, which is what we have here, I think there should be an exception if that's reviewable. And the reason why is under 8A and 19H, unlike both rehabs, because once you have a final decision on permanency, you can still do that in 8A and 19H. But the point I want to make here is under 8A and 19H, if you say that this is a reviewable decision and we send it back to the Commission for a determination on permanency, the permanent total, wage differential, or body as a whole, the employee, if the employee does want this pain management program at some future date, you have the opportunity under 8A and 19H, the employee does, to seek it. And so for the Commission to say, we're going to force the parties back to the arbitration level to determine whether or not to come up with a benefit plan, which the employee has already rejected, is nonsensical. Well, let's take it to the next level. What authority can you cite to us that allows us to carve out exceptions to the jurisdictional requirement? What case law would allow us, or constitutional law, would allow us to do what you're asking us to do? I found no case on point with an exception of the nature that would apply to this case, quite frankly, Your Honor. But I would suggest that this Court create an exception, or create a condition for review, under these circumstances where, in the instance where the Commission orders benefits which cannot be mandated on the employee, that that is reviewable as to whether or not that decision is appropriate. Because if that's not reviewable, then it puts the parties in a Hobson's choice. We have no recourse but to go back and prepare a 7110 plan with no evidence that it's wanted by the employee. And that's the point. There is no evidence in this case, as of the time of trial, for about the several months before trial, that such a 7110 plan was wanted by the employee. And the 7110 section of the regulation says it has to be in writing if you want to follow the Commission's decision. The detail in Dr. John Graham's report could be considered the 7110 plan for purposes of consideration of whether or not such a plan was offered. In other words, we're just redoing what we've done before in this case. And we're doing it because the Commission chose not to follow the evidence of the case and recognize the parties had already undergone the dance step of whether or not the employee wanted pain management and whether or not the pain management offered was appropriate. But the Commission is basically saying, go back and try it again. You're all in trial lawyers or trial judges. It's almost as if you heard a bench trial and the parties got done resting their case, their evidence, and you say, I don't want to make a decision on these facts. Go get me some more facts. But the facts are what they are. And the Commission should be forced to make a decision, be it up, down, or sideways. It's an interesting case. It was quite frankly confusing to me. Thank you. Thank you, Your Honors. I would ask the man back to the Commission for the determination of the currency and benefits. Thank you. Counsel, please. Your Honors, my name is Bob Nelson. I represent the petitioner, the defendant herein. This case has been a disaster for this petitioner, a total disaster, as you can imagine. We have three years of no TTD. It's been three years since we were arbitrating this case. But let's stick to the jurisdiction. I appreciate that the Court has pointed that out. I think that our best case is the case of Caterpillar, which was cited by the Commission, Caterpillar versus the Industrial Commission, and the cite is 97 Bill 235. And in that case, the Supreme Court decided that there was no authority to remand. The Supreme Court addressed the maximum medical improvement issue and, of course, addressed temporary total disability. And I believe that we are dealing here in the LaRoe case with a 19B because the plaintiff has brought that up as an issue in its brief. They're saying this amount of TTD should not have been awarded. And from Mr. LaRoe's perspective, we seek certainty. We seek an award from this tribunal. But wait a minute. It can't possibly be a 19B. The arbitrator awarded permanent partial disability. He can't do that on a 19B. Not then. So 19B is for medical expenses and TTD, but he awarded much more than a 19B. It wasn't a 19B petition. No, sir. But he did award and he did give us a 19B order. He did give us temporary total disability. So did the Commission. Well, he gave you PPD, too. Yes, he did. Can you do that in 19B? He gave us temporary total, but the appeal we are dealing with today, of course, is not the arbitrators. It is the commissioners. The commissioners gave us more temporary total, in other words, under 19B, and the plaintiff brings that up as an issue before this tribunal. They're saying the amount of temporary total ordered is improper. So we have a temporary total issue. We seek certainty. If we have an award from this court that either the temporary total is correct, as ordered by the commission, Mr. Leroux has some certainty in his life. Things can go on from here. But if we simply bounce back to the commission, we'll be coming back in three years. I will. I don't know what Mr. Leroux will be or where he will be, where he will be homeless, but we have a disaster on our hands. Well, again, you present a very compelling reason on a human level as to why we should address the merits. But, again, as you know, jurisdiction is very strict. Either the court had it or the circuit court did not have it, and whether or not we have it is dependent upon that. So are you saying that the commission, you said something obliquely about the commission didn't have authority to remand it? How do we get jurisdiction out of this case when they remanded it for further administrative proceedings? Setting aside the compelling reasons why your client wants to have this addressed, give us a legitimate legal reason why we have jurisdiction. I think this court has jurisdiction to listen to and rule on the temporary total disability question presented by the employer. I think that the authority for that is the Caterpillar case, which, by the way, goes on to say, goes on to consider a remand and whether or not the commission could or couldn't remand. So I think the Caterpillar case is the best case that we have. Okay, just a minute. Let's say we dismiss for lack of jurisdiction. The commission's order stands. Which order is the temporary total? Right. And you go back to the arbitrator to refer the proceedings on permanent total or wherever you end up. Right, Your Honor. It stands until it's appealed. And until it's appealed, it won't be paid. They're not going to pay any more temporary total until we come up here again. And who knows what will happen then in light of the experience we've had to date. Wait a minute. Now, hold on. If the commission's order, TTD, and they refuse to pay that TTD, something tells me you're going to get real wealthy on penalties. Well, I believe the counsel will stipulate that they won't pay the TTD. I think we will still have an issue that must be addressed by a higher tribunal. I don't think that they're going to buy this order of TTD any more than a future order of TTD any more than the last one. We're going to be back before the arbitrator, though. Yes, we'll be back there and we'll be up here because they won't pay it. Again, I think counsel will stipulate to that. I don't know that I may get penalties, but there will be an argument about whether or not this was ever proper. So if we have a decision today. Wait a minute. Yes, sir. You can go back down and file a 19B petition. I sure can, Your Honor. And then you can get it appealable. Yes, sir. And we can take it up to the commission, and then you can go back to the circuit court on that single 19B petition on your entitlement to the TTD, and you can invest it in the circuit court with jurisdiction, and then we'll have jurisdiction. We have a TTD award right now, and there's a question about jurisdiction. And the cases cited by this court, Bechtel, for example, discussed exactly that, carved out the exception, if you will, said that if there's a temporary total decision that this court will review it. And I think that's consistent with most all the decisions that have come out. We have a temporary total issue. We have not been paid the temporary total that the commission awarded or that the arbitrator awarded. We have an issue on temporary total that is brought up in the plaintiff's brief. We have a TTD issue. If we have a ruling from this court, we have certainty. We have some direction, and I think that the court has jurisdiction to look into that temporary total disability issue. I think it also does to look into medical, but certainly the temporary total disability, the last case that I found on that was Wire v. Workers' Compensation Commission. But a 19B case. Yes, sir. They're all 19B cases. Yeah, and we have a 19B issue. You didn't have a 19B petition before the arbitrator. No, sir, but we have a 19B issue before this tribunal. It's not a 19B issue. Temporary total disability can be decided outside of a 19B petition. You don't have to file a 19B petition to get a TTD award. No, sir, but the award is under 19B. The authority for awarding temporary total disability is 19B. That's why I feel we have a 19B petition. That's why I want to have certainty for the practical reasons given, but for your concerns, the legal reasons, I think that there is something that can be carved out here. So you agree with the opposing counsel we should carve out an exception? I think that that exception has been carved out. I think it should be followed. But, yes, sir, I think there is an exception. So I don't know about the future, but it must be carved out. I think that is the rule. And, again, when we go back, if we have this authority that the commission had done the correct thing, then we can get somewhere in this case. Otherwise, we're going to be bouncing back and forth. We'll be up here. As the court mentioned in at least one case, I apologize, I'm not remembering which one. Are you concerned about whether the commission had authority to do what they did? Is that what you're talking about? The commission has original jurisdiction in a workers' compensation. Yes, sir. I don't like what they did, Your Honor, at all. But I think they have the authority. I mean, we go in here. TTD had been suspended. We had asked for 7110 and sent a letter, 7110 Rehab. We had asked several times for pain management, not through the respondent's choice of Dr. Grant, not with Ultram, which he was allergic to, but we had asked for this. But you get to a frustration level where you don't get 7110. We didn't get any help at all vocationally. We didn't get any kind of pain management, and we didn't get TTD. And you go in and you say, let's get this thing over with, which is what we did. Several witnesses come in. The arbitrator makes a decision. A year and a half later, we get the commission decision. A year and a half, this guy waited with no payment, while the commission carefully decided to do the right thing. And I can't say that what they did was wrong. I don't like it that it took so long. I don't like losing a permanent total of work. But the commission looked and did some social engineering here. They looked at a man, 37 years old, who was eager to work, and they said, we're not going to let him out to pasture. You'll find substance in his life if we order something else. That's not what I was looking at. And they're statutorily authorized and obligated to review all possible issues contained in the record. I think that's correct, Your Honor. And they're charged with that responsibility. And I think that, again, I don't like what they did, because our goal is to get this guy money. And that's what we did. I don't like the change. But I understand that it may be the best thing for Mr. LaRoe. It may be that getting off this methadone, if he can, and he doesn't want to, it may be that that gives us life meaning. I think that that's what the commission was trying to do. It took them a year and a half to make that decision. It broke Mr. LaRoe. But if we have another four years, we can't tolerate it. I hope that it is not carving out an exception, Your Honor. And I appreciate your asking that. I think that the temporary total disability issue, which has to be under 19B, is properly before. Well, wait a minute. Temporary total disability is under 8B. That's your entitlement to temporary total disability, not 19B. It's 8B. The vehicle that you use to get an emergency hearing on temporary total disability that's not being paid is 19B. But you don't get the TTD after 19B. That's just the providing of the petition. Compensation rates for TTD are covered by 8B. My best understanding, and I apologize if I'm incorrect, is that if the issue is temporary total disability, whether it's under one section or another, and I certainly don't question, Your Honor, which section you found it under, but if temporary total is an issue, I believe that the cases, including Bechtol, say that the award is appealable. And temporary total is an issue in this case. Again, the reasons for it, we have to have some certainty. The system doesn't work otherwise. Thank you, Your Honor. Other than that, as, Justice, as you pointed out, most everything is in our brief. Thank you. Thank you, Your Honor. Just briefly, the quandary is that if you consider whether or not the period ordered by the commission for temporary total disability benefits is appropriate, the way they get there in their decision is by finding the employees entitled to pain management in the form of methadone administration. So it gets back to the initial argument as to whether or not they have the ability to argue that, and whether or not that decision is appropriate. They're finding that he hasn't reached maximum medical improvement. Yes, Your Honor. And so they converted what had previously been awarded as maintenance to TPD. Yes, Your Honor. And the basis they did that was because of the pain management issue under 7110. To briefly touch upon Justice Cousin's question about what rule do we follow, under international paper it references that generalized rehabilitation plans can't be reviewed between the locatory because there's nothing there to review. In this case, though, if you take the commission's decision and compare it to the evidence, there is a rehabilitation plan for review. It was Dr. John Mann's IME report where he presents a medical regimen for the employee to follow and which was offered to which the employee declined because the employee must have failed methadone. That would be one vehicle possibly for review. Thank you, Your Honor. Thank you, counsel. The court will take the matter under advisory.